WILLIAM HUGHSON vs. WINTHROP STEAMBOAT COMPANY.

Suffolk.    January 9, 1902. — May 20, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Ship.    Carrier.*

The holder of a ticket entitling him to a round trip on an excursion steamer has no right of action against her proprietor for being left behind by reason of the boat starting on her return trip before the advertised time, if the government inspector had refused to allow any more passengers to go on the boat.

TORT by the holder of an excursion ticket for leaving him at the Salem Willows on the afternoon of a Sunday by reason of the steamer starting before the advertised time. Writ in the Municipal Court of the City of Boston dated September 7, 1900.

On appeal to the Superior Court the case was tried before *Stevens*, J., who ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*N. F. Hesseltine*, for the plaintiff.

*J. S. Sullivan*, for the defendant.

LATHROP, J.    The plaintiff, on Sunday, August 5, 1900, bought four round-trip tickets which entitled him and three friends to be carried from Boston to Salem Willows and return. The steamboat was advertised to return at a quarter to five in the afternoon ; but she left ten minutes before that time. The boat did not have a license to run on Sunday, and the government inspector, before the time of sailing, had refused to allow any more passengers on board. There was evidence that the return tickets were good for any day ; and the evidence was contradictory on the point whether the defendant offered to pay for the return tickets, and to pay the fare to Boston on the electric cars. The judge ruled that on all the evidence the plaintiff could not recover damages ; and the case is before us on the plaintiff's exceptions.

The plaintiff does not sue in contract, but in tort. The only wrong alleged in the declaration is that the defendant agreed to return from Salem Willows at 4.45 P. M., and that it wilfully

and negligently did not return at such time, but left Salem Willows at 4.15 P. M.

In *Sears* v. *Eastern Railroad*, 14 Allen, 433, 436, where the plaintiff sued for the neglect of the defendant to run a train of cars at the advertised time, and the declaration contained a count in contract and one in tort, it was said by Mr. Justice Chapman, in delivering the opinion of the court: "If this action can be maintained, it must be for the breach of the contract which the defendants made with the plaintiff." However this may be, in the present case we are of opinion that the ruling was right. By § 4465 of the U. S. Rev. Sts. it is declared: "It shall not be lawful to take on board of any steamer a greater number of passengers than is stated in the certificate of inspection." The refusal of the government inspector to allow any more passengers to go on the boat, justified the master of the boat in leaving before the advertised time. The plaintiff would have gained nothing if the boat had waited ten minutes longer, for he and his friends would not have been allowed to go on board.

*Exceptions overruled.*